UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LANG EXTERIOR INC., an Illinois corporation | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 11-cv-5517 |
| v. | ) |
| | ) |
| LANG WINDOWS INC. and DIONNE LANG, an Illinois corporation and an individual | ) |
| | ) |
| Defendants. | ) |

## MOTION FOR ENTRY OF JUDGMENT AGAINST DEFENDANTS

Plaintiff, Lang Exterior Inc. ("Lang") hereby moves this Court for entry of judgment detailing the specific relief sought against Lang Windows and Dionne Lang ("Defendants") pursuant to Rule 54 of the Federal Rules of Civil Procedure. This Court has already granted default judgment against Defendant Lang Windows [Dkt. #80] and Defendant Dionne [Dkt. #85]. In support of its motion, Lang states as follows:

1. Lang filed its Verified Complaint on August 12, 2011 alleging trademark infringement, unfair competition, false advertising, consumer fraud and deceptive trade practices, tortuous interference with prospective economic advantage, cybersquatting and conversion arising from Defendants' unauthorized and infringing use of Lang's LANG and LANG EXTERIOR trademarks in attempt to deceive consumers that Defendants competing company was actually owned by, affiliated with, or sponsored by Lang.

2. The history of this case is detailed in Lang's previous pleadings, specifically its Motion for Default Judgment against Defendant Lang Windows. *See* [Dkt. #76]. An entry of default judgment was entered against Defendant Lang Windows on June 19, 2012. [Dkt. #80].

3. On October 10, 2012, after a number of failures of Defendant Dionne to appear at court or file an Answer, this Court granted Defendant Dionne until October 31, 2012 to file an Answer, otherwise an entry of default judgment was to be entered against Defendant Dionne. [Dkt. #84].

4. Defendant Dionne failed to file an answer or appear at the status hearing on November 15, 2012, and this Court granted default judgment against Defendant Dionne. [Dkt. #85].

5. Pursuant to the Court's order of November 15, 2012, Lang is hereby submitting its Motion for Judgment setting forth the specific relief sought by Lang against both Defendants. [Dkt. #85].

WHEREFORE, Lang respectfully moves this Court to enter an order:

(A) Granting judgment against Defendants on all counts of Lang's Complaint;

(B) Permanently enjoining Defendants' use, in any manner whatsoever, of Lang's LANG and LANG EXTERIOR trademarks or any confusingly similar mark, including phonetic equivalents, including without limitation all use by owners, officers, directors, agents, shareholders, affiliates and/or employees of Defendants;

(C) Permanently enjoining the representation, in any manner or by any method whatsoever, that Defendants' goods or services are sponsored, approved, or authorized by

Lang, or from otherwise taking any action likely to cause confusion, mistake or deception on the public as to the origin, approval, sponsorship or certification of such goods or services;

(D) Directing Defendants to transfer the [www.langwindowsinc.com](www.langwindowsinc.com) domain name to Lang within ten (10) days of the entry of this order, and further directing the applicable registrar to effectuate such transfer from Defendants to Lang;

(E) Requiring Defendants to deliver to the Court within fourteen (14) days of the entry of this judgment any and all advertisements, brochures, promotional items and the like in its possession or control which contain Lang's LANG and/or LANG EXTERIOR trademarks, or are likely to confuse consumers that Defendants' goods or services are sponsored, approved, or authorized by Lang;

(F) Requiring Defendants to deliver to Lang within fourteen (14) days of the entry of this judgment any Lang company laptop and/or Lang customer list in Defendants' possession, custody or control, or otherwise provide Lang a sworn affidavit from Defendants stating that such Lang company laptop and/or Lang customer list is not in Defendants' possession, custody or control;

(G) Permanently enjoining Defendants from the disparagement of Lang and/or making false statements regarding Lang or any of its employees or officers, including, without limitation, Dawn Lang, Darb Lang, Doreen Lang and Eugene Lang;

(H) Requiring Defendants to turn over to Lang within fourteen (14) days of the entry of this judgment detailed sales and financial information for the past two (2) years, including any official tax returns as filed, in order to account for damages and profits due to Lang because of the actions of Defendants that are the subject of this suit;

(I) That Lang be permitted to conduct third party discovery regarding Defendants' financial relationships with third party manufacturers and vendors, including but not limited to Polaris Technologies and Silver Line Windows, a subsidiary of Andersen Corporation, so that Lang can accurately account for damages and profits due to Lang because of the actions of Defendants that are the subject of this suit;

(J) That Defendants be ordered to pay Lang's costs and attorneys' fees incurred in pursuing this action, including the failed settlement process and this motion for judgment, which shall be provided to this Court in a separate filing under seal after completion of the accounting and discovery contemplated in (H) and (I) above; and

(K) That Lang have such other and further relief as this Court may deem appropriate.

LANG EXTERIOR, INC.

Dated: December 10, 2012

   */s/Darren S. Cahr*
Darren S. Cahr
Jeffrey T. Baravetto
DRINKER BIDDLE & REATH LLP
191 N. Wacker Dr. Suite 3700
Chicago, IL 60606
(312) 569-1000
*Counsel for Plaintiff Lang Exterior Inc.*

# CERTIFICATE OF SERVICE

The undersigned attorney certifies that on **December 10, 2012** a copy of the following documents were served via US Mail:

- *Notice of Motion for Judgment Against Defendants*

- *Motion For Entry of Judgment Against Defendants*

- *Proposed Order on Entry of Judgment*

upon Defendant:

Dionne Lang
5441 Fairmount Ave.
Downers Grove, IL 60515

                */s/Darren S. Cahr*

CH01/ 26054505.2