# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LANG EXTERIOR INC., an Illinois corporation ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 11-cv-5517 |
| ) | |
| v. ) | |
| ) | |
| LANG WINDOWS INC. and DIONNE LANG, ) | |
| an Illinois corporation and ) | |
| an individual ) | |
| ) | |
| Defendants. ) | |
| ) | |

## [PROPOSED] ORDER ON ENTRY OF JUDGMENT

THIS MATTER came before the Court on Lang Exterior Inc.'s Motion for Entry of Judgment Against Defendants. This Court already entered orders of default against both Defendants [Dkt. ## 80, 85], and pursuant to this Court's Order of November 15, 2012 [Dkt. # 85], Lang Exterior Inc. submits this motion for judgment setting forth the specific relief sought against Defendants.

Having carefully considered Lang Exterior Inc.'s Motion For Entry of Judgment Against Defendants, as well as the pleadings, documentary evidence, and arguments by the parties, this Court finds Lang Exterior Inc.'s Motion well taken, and that the following entry of judgment is appropriate and necessary.

NOW THEREFORE, it is hereby ORDERED that:

(A)  Judgment be entered against Defendants on all counts of Lang's Complaint;

(B)  Defendants shall be permanently enjoined from the use of Lang's LANG and LANG EXTERIOR trademarks or any confusingly similar mark, including phonetic

equivalents, in any business involved, directly or indirectly, in the manufacture or sale of windows, siding, roofing or the advertising or sale of products or services relating in any manner to the home or commercial building construction or remodeling industries, including without limitation all use by owners, officers, directors, agents, shareholders, affiliates and/or employees of Defendants;

(C) Defendants shall be permanently enjoined from the representation, in any manner or by any method whatsoever, that Defendants' goods or services are sponsored, approved, or authorized by Lang, or from otherwise taking any action likely to cause confusion, mistake or deception on the public as to the origin, approval, sponsorship or certification of such goods or services;

(D) The registrar of the www.langwindowsinc.com domain name, which is presently owned and controlled by Defendants, shall arrange for and effectuate the transfer of the www.langwindowsinc.com domain name to Lang within ten (10) days of the entry of this order;

(E) Defendants shall within fourteen (14) days of the entry of this judgment destroy any and all advertisements, brochures, promotional items and the like in its possession or control which contain Lang's LANG and/or LANG EXTERIOR trademarks, or are likely to confuse consumers that Defendants' goods or services are sponsored, approved, or authorized by Lang;

(F) Defendants shall within fourteen (14) days of the entry of this judgment destroy any Lang customer list in Defendants' possession, custody or control, as well as any other Lang-related business information, whether that information is contained on a Lang company laptop or otherwise, in Defendants' possession, custody or control. If Defendants still have any

Lang company laptop in their possession, custody or control, Defendants must deliver such laptop to Lang within fourteen (14) days of the entry of this judgment;

  (G) Defendants shall be permanently enjoined from the disparagement of Lang and/or making false statements to third parties regarding Lang or any of its employees or officers in their role as employees or officers, including, without limitation, Dawn Lang, Darb Lang, Doreen Lang and Eugene Lang;

  (H) Lang be permitted to conduct third party discovery regarding Defendants' financial relationships with third party manufacturers and vendors, including but not limited to Polaris Technologies and Silver Line Windows, a subsidiary of Andersen Corporation, so that Lang can accurately account for damages and profits due to Lang because of the actions of Defendants that are the subject of this suit. In the event information uncovered through this third party discovery indicates that Defendants received any commercial benefit due to its actions that are the subject of this suit, Lang shall be permitted to request that this Court order Defendants to turn over detailed sales and financial information;

  (I) Defendants be ordered to pay Lang's reasonable costs and attorneys' fees incurred in pursuing this action, including the failed settlement process and this motion for judgment, to which Lang is entitled as of right pursuant to the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/3, and pursuant to the Lanham Act, 15 U.S.C. § 1117, as Defendants' acts have been deliberate, willful and wanton, making this an exceptional case. Lang's reasonable costs and attorneys' fees shall be provided to this Court in a separate filing under seal; and

  (J) Lang have such other and further relief as this Court may deem appropriate.

- 4 -

IT IS SO ORDERED

Dated: _____

                                                     _____
Hon. Sheila M. Finnegan
United States Magistrate Judge

CH01/ 26066374.3